In the United States District Court
For the Western District of
MISSOURI WESTERN DIVISION

United States of America

vs.                                    Case No. 98-00311-06-CR-W-GAF
Fabio Montano    #25289-034

Defendant, Fabio Montano, Objection to the Pre-sentence
Report And Sentencing Memorandum

Comes now the defendant, Fabio Montano, and objects to the revised Presentence Investigation Report submitted to the defendant by the United States Probation Officer for the reason that said report incorrectly has indicated that the base and offense level from which all sentencing guideline calculations are to be made is a level 38. This level was determined by the PSI writer when he determined that the case involved 5 to 15 kilograms of actual cocaine, when in fact, the jury only convicted the defendant of having conspired to distribute in excess of 5 to 15 kilograms of actual cocaine (count 1), which under §2D1.1, would produce a base offense level of 32 rather than 38.

Given the speculative nature of the amounts, the defendant would submit that consideration by the courts for sentencing

(1)

purpose of these amounts would be both unreasonable and in violation of the Sixth Amendment to the United States Constitution and would result in a sentence in excess of the "Statutory Maximum" for the crime of conviction. The defendant's crime of conviction was for those amounts pled in (count 1) of the indictment and total 5 to 15 kilograms of actual cocaine. Thus, the crime of conviction would be a level 32 rather than a level 38.

As the United States Supreme Court held in <u>Apprendi v. New Jersy</u>, 530 US 466, 490 (2000) "Other than the fact of a prior conviction, any fact that increases the penalty for a crime reasonable doubt." Thereafter, in <u>United States v. Booker</u>, the court determined that the provisions of 18 U.S.C.A. § 3553(b)(1), which makes the federal Sentencing Guidelines mandatory "is incompatable with today's Sixth Amendment 'Jury trial' holding and therefore must be ~~served~~ severed and excised from the Sentencing Reform Act of 1984, and furthermore that § 3742(e), which depends upon the guidelines mandatory nature, also must be severed and excised thus making ...

Case 4:98-cr-00311-GAF   Document 1098   Filed 08/01/05   Page 2 of 3

guidlines effectively advisory.

Defendant would respectfully submit that a sentence imposed pursuant to level 32 of the sentencing guidelines which would result in a sentence of 121-151 months would accomplish the goal of 18 § U.S.C. §3553; in that it would result in a sentence sufficient but not greater than necessary to comply with the purposes as set forth in paragraph two of subsection A. The defendant would further respectfully submit that a level 38 for the defendant here would be unreasonable and unjustified based upon the facts and circumstances in the instant case and would result in an unacceptable disparity in the defendant's sentence when compared with other individuals convicted of the same or similar offenses.

SINCERLEY,

*Fabio Montano*
FABIO MONTANO