IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

FABIO GONZALEZ MONTANO, Pro Se,
Petitioner-Defendant,

v.

UNITED STATES OF AMERICA,
Respondent.

Case No. 98-0032-06-CR-W-GAF

## MOTION FOR REDUCTION/MODIFICATION OF SENTENCE UNDER 18 U.S.C. § 3582(c)(2)

Now comes, the Petitioner, FABIO GONZALEZ MONTANO, proceeding pro se in the above styled cause, files his Motion for Reduction/Modification of Sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 782 to the U.S. Sentencing Guidelines Manual. Petitioner further asks this Honorable Court to construe this pleading liberally in light of HAINES V. KERNER, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), holding that, "Pro Se litigants are entitled to a liberal construction of their pleadings."

### STATEMENT OF FACTS

On May 27, 2005, a jury found the Petitioner guilty on Count 1 of the Fourth Superseding Indictment, Conspiracy to Distribute Cocaine in the Amount of 5 Kilograms or More, in violation of Title 21 United States Code §§ 841(a)(1), (b)(1)(A), and 846.

On February 28, 2006, Petitioner was sentenced to 405 months' imprisonment on Count 1 of the Fourth Superseding Indictment.

On July 18, 2014, the United States Sentencing Commission voted and agreed to apply Amendment 782 ("All Drugs Minus 2") retroactively to the Guidelines, which goes into affect on November 1, 2014.

Petitioner was originally sentenced using the 2004 edition of the Guidelines Manual, pursuant to 1B1.11(a).

In consideration of U.S.S.G. § 1B1.3 (relevant conduct), Petitioner was held responsible for distributing 150 kilograms of cocaine for Guideline purposes, which carried a mandatory minimum of 10 years and a maximum of Life, for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846.

The U.S. Sentencing Commission Guideline for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 is found in U.S.S.G. § 2D1.1. A base offense level of __38__ is required for Conspiracy to Distribute 150 Kilograms or More of Cocaine.

Petitioner received a Specific Offense Characteristic: because a dangerous weapon (firearm) was possessed, two-level upward adjustment is added. U.S.S.G § 2D1.1(b)(1).  +2

The adjusted offense level (total) was __40__.

Guidelines Provisions: Based on a total offense level of __40__ and a Criminal History Category II, the Sentencing Guidelines Range was 324 to 405 months

- 2 -

Case 4:98-cr-00311-GAF   Document 1327   Filed 02/12/15   Page 2 of 6

imprisonment.

## SECTION 3582(c)(2) STANDARDS

Section 3582(c)(2) permits sentence modification under limited circumstances:

The court may not modify a term of imprisonment once it has been imposed except that -...(2) in case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant..., the court may reduce the term of imprisonment, after considering the factors set forth in Section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In applying Section 3582(c)(2), a district court must: (1) First determine that a reduction is consistent with policy statements of U.S. Sentencing Guidelines ("USSG") § 1B1.10; and (2) Then consider applicable 18 U.S.C. § 3553(a) factors and determine whether, in its discretion, the authorized reduction is warranted, either in whole or in part, according the circumstances of the case. DILLON V. U.S., 560 U.S. 817, 130 S. Ct. 2683, 2691 L. Ed. 2d 271 (2010) (interpreting Section 3582(c)(2)). All other Guideline application decisions remain unaffected. U.S.S.G. § 1B1.10, comment (n.2); cf, U.S. V. STOCKDALE, 1997 U.S. App. LEXIS 32760, No. 96-30199, slip op. 13971, 13977 (9th Cir. Nov. 20, 1997) (concluding that resentencing following retroactive amendment of Sentencing Guidelines is limited to application of the listed amendment, leaving "all other Guidelines application decisions unchanged as directed in Application Note 2"). (internal quotations omitted).

- 3 -

Case 4:98-cr-00311-GAF   Document 1327   Filed 02/12/15   Page 3 of 6

In this particular case, the new base offense level is <u>36</u> (based on 150 kilograms of cocaine and the new revised drug quantity table at least 150 KG or more but less than 450 KG of cocaine). Accordingly, the district court should simply determine the Guidelines range that would have applied in the case had Amendment 782 ("All Drugs Minus 2") been in affect at the original sentencing. Here, that relevant Guideline range would be 210 - 262 months, all being determined using Criminal History Category II.

However, at the Petitioner's original sentencing, this Honorable Court imposed the high end of the Guideline range and imposed a two-level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1). If this Honorable Court maintains the same position Petitioner's new Guideline range would be 262 - 327, using a base offense level of <u>38</u> and a Criminal History Category II.

## POST-SENTENCING CONDUCT/REHABILITATION

Pursuant to the Supreme Court's decision in <u>PEPPERS V. U.S.</u>, 131 S. Ct. 1299 (2011); and in 18 U.S.C. § 3553(a), evidence of post-sentencing conduct/rehabilitation may be highly relevant to several of the § 3553(a) factors that Congress has expressly instructed district court's to consider at sentencing. Therefore, Petitioner has attached his programming completions. This exemplary post-sentencing conduct/rehabilitation efforts may be taken as the most accurate indicator of his "present and future purposes" to suggest the period of imprisonment Petitioner should be resentenced to. See <u>U.S. V TRUJILLO</u>, 713 F.3d 1003 (9th Cir. 2013). As a result of his efforts Petitioner asks the Court to consider his post-sentencing conduct/rehabilitation to grant an extra one-year reduction or what the Court deems appropriate.

- 4 -

## CONCLUSION

Based on the foregoing arguments, authorities, and relevant facts, the Petitioner is entitled to relief, in good-faith and in good cause, all in the interest of justice. Any other post-sentencing conduct/rehabilitation should be accounted for when fashioning the new sentence, that the District Court deems just and fair. Further, Petitioner requests appointment of counsel to represent his interest in re-sentencing.

Respectfully submitted on this __14th__ day of __January__, 2015.


_Fabio Gonzalez M_
FABIO GONZALEZ MONTANO
Reg. #25289-034
FCI Mendota
P.O. Box 9
Mendota, CA 93640

18. Legal

# Certificate of Service

I, <u>Fabio Gonzalez Montano</u> hereby certify that a true and correct copy was mailed to the office of the United States Attorney at:

```
U.S. District Court
c/o Clerk of Court
400 East 9th Street, 5th Floor
Kansas City, MO 64106
```

Which is deemed filed at the time the inmate places the filing in the internal prison mail system. *See Houston v. Lack,* 487 U.S. 266 (1988) (Prison Mailbox rule)

Filed this <u>14th</u> day of <u>January</u>, 20<u>15</u>

Under 28 U.S.C. §1746

<u>Fabio Gonzalez Montano</u><br>
FCI MENDOTA<br>
P.O BOX 9<br>
Mendota, CA 93640