IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA

v

FABIO MONTANO
a/k/a "Fernando Nieves"

Legal Case No.
98-00311-06-CR-W-GAF

DEFENSE PRO SE MOTION
FOR RELIEF OF SENTENCE
DUE TO ENTRY OF EVIDENCE
NOT GARNERED VIA LAWFUL MEANS,
PURSUANT TO TITLE 18 USC § 3582(c)(1)(A)(i)

COMES NOW into and before this Honorable Court via this lawful motion is the defendant FABIO MONTANO (a/k/a "Fernando Nieves") in pro se representation, in his own accord, via this motion under Title 18 USC § 3582(c)(1)(A)(i) due to extraordinary and compelling reasons, and hereby requests of this Honorable Court to see this matter in light of the Constitution and provide for a removal of the TWO(2) POINT ENHANCEMENT to which has provided for an elevated sentence from evidence purportedly provided in a wholly separate trial testimony. The request for relief is Constitutional and in the interest of justice.

The defendant states that he hereby exercises his grant of rights to which are inalienable for the redress of grievance, due process of law, and the equal protection under the laws of the United States to which is memorialized in the First, Fifth, Sixth, and Fourteenth (Section 1) Amendments to the US Constitution. This defendant states that his guaranteed Constitutional rights

1

were completely divested in the first instance due to the introduction of purported evidence, in 2005, to which was used by the federal government to seek and succeed in receiving an enhancement of two(2) points at time of sentencing.

Background

The defendant is currently serving a sentence in the Federal Bureau of Prisons to which was wrongly enhanced by the federal government and US Probation by two(2) points as an alleged result of "new" information from testimony during the trial of Edwin R Hinestroza. See Exhibit "A"). At that time (December 1, 2005), the federal government and US Probation brought forth the notion that this defendant should be exposed to the two(2) point enhancement for the alleged possession of a weapon, pursuant to USSG 2D1.1(b)(1). This resulted in a category II criminal history with sentence range of 323 to 405 months with a hefty fine of $25k to $4m as a penalty.

The fact is that this element was introduced for sentencing purposes absent any adversarial testing and/or any reasonable Constitutional testing at all to which exposed this defendant to Constitutional violations of epic proportions.

Argument

The defendant is exercising his rights Constitutionally at this time due to he was exposed to a sentencing enhancement in a manner outside of the norms of the judicial process. He was

2

enhanced by two(2) points wrongly for the alleged possession of a firearm based simply on an "INFORMATION" to which arose in a completely and wholly separate legal case proceeding. In the legal proceedings of Edwin R Hinestroza, without knowledge of the defendant as to its validity and ramifications on his liberty interest, the federal government with the concurrence of US Probation utilized testimony to then upward depart this defendant. This provided for an enhanced exposure of sentencing to this defendant based upon non-tested evidence by the defense of the defendant at the time of sentencing.

Judicial precedent and judicial procedures set forth the ways and means to which a defendant may be exposed to an enhanced sentence, but this was not done in the Constitutional sense of federal law. This is a **per se** Constitutional violation that, in its face, does not require any further proof as the prima facie evidence is ever present on this Honorable Court's record. There may have been a day and time in past judicial history that this was "acceptable," but those days have long gone due to the recent exposure of judicial misconduct and misconduct of federal agents and agencies. The US Constitution does **not** tolerate the use of evidence to which is covered by exculpatory rules to adversarily test its validity. With the introduction of this evidence, the mere fact is that this defendant never received his proper rights of due process regarding this issue to which is the extraordinary and compelling reason to grant this motion in his favor.

3

In the Preamble to the Bill of Rights, the Amendments to the US Constitution, it states that the States "expressed a desire, in order to prevent misconstruction or abuse of its powers, that furtehr declatory and restrictive clauses should be added" to which these clauses, commonly called the "Amendments" provide for the citizenry's rights of due process to assure the public confidence in the federal government to protect such, and not abuse such rights, that "will best insure the beneficient ends of the institution."

The rights of **substantive** due process, the Fifth and Sixth Amenmdments, were not adhered to in the first instance in this judicial proceeding and, as such, the defendant never had a proper judicial process in regards to this enhancement. It is incumbent upon this district court, federal attorneys, and US Probation to see the that justice is served an a fair and equitable ways and means **to include** the fact that evidence introduced allegedly from testimony in a wholly separate legal case proceeding that is used to expose him to an enhanced sentence. This misuse of the prosecutorial power and authority of the federal government with the assent of US Probation and the district court is akin to the addage of guilty until proven innocent to which is completely adverse to the known maxim of innocent **until proven guilty.**

Relief Requested

This Honorable Court is duty-bound Constitutionally and ethically to see the cause of the defendant in a light most favorable to him and with transparency and fairness. The fact is that this district court, allowed in the first instance, evidence to be

4

entered to the detriment of the civil and liberty interests of this defendant to which exposed him to a heightened sentence range and penalties. Constitutionally speaking, this was a per se violation of epic proportions to which did irreparably harm and injure forever the unalienable rights accorded by the Bill of Rights to which are the Amendments to the US Constitution as originally intended by the Framers.

It is now requested for relief that this Honorable Court, in keeping with the Constitution, provide an avenue for redress to which would allow for the judicial process to carry through with its duty. This defendant requests that a hearing ensue to test the veracity of [t]his claim and reduce the sentence in accordance with founding principles of the judiciary.

If the Honorable Court deems that this matter is brought forth in the incorrect vehicle, this defendant hereby MOVES this Honorable Court to either: 1) Grant the forwarding of this and any other relevant issue within a motion for relief pursuant to Title 28 USC § 2255; or 2) Authorize that the defendant is herenow granted a Certificate of Appealability on [t]his and any other issue of relevance and importance.

WHEREFORE NOW, premises considered, the defendant requests that [t]his motion for relief be granted and brought before this Honorable Court in a right and timely manner and fashion to allow

5

redress of [t]his issue in accordance with Constitutional standards that have been enshrined under due process from the beginning and inception of this counrty. This motion is presented for relief in pursuit of Life, Liberty, Justice, and Equity to which the US Constitution provides and protects.

Respectfully Submitted,

Date: 28 March 2023

Fabio Montano
25289-034
FCC Forrest City
PO Box 9000 (Low)
Forrest City, AR 72336-9000

Certificate/
Proof of Service

I, the undersigned, hereby certifies and attests that the foregoing motion is served upon the Clerk of Court via US Postal Service First Class Mail being properly addressed and proper postage affixed upon mailing. It is further requested that [t]his motion be forwarded to all interested parties due to being indigent, detained, and having no other means.

Respectfully Submitted,

Date: 28 March 2023

Fabio Montano
25289-034
FCC Forrest City
PO Box 9000 (Low)
Forrest City, AR 72336-9000

SECOND ADDENDUM TO THE PRESENTENCE REPORT

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES vs. FABIO MONTANO
A/K/A "FERNANDO NIEVES"
CASE NO. 98-00311-06-CR-W-GAF

December 1, 2005

As a result of new information from testimony during the trial of Edwin R. Hinestroza, the government believes, and the Probation Office agrees, Montano should be subject to a 2-level enhancement for possession of a weapon, pursuant to 2D1.1(b)(1). This results in an offense level of 40, with a criminal history category of II, providing a sentencing guideline range of 324 to 405 months. The fine range remains the same at $25,000 to $4,000,000.

Additionally, the government advised the defendant may be subject to an upward departure, pursuant to 4A1.3(a)(1), based upon the defendant's criminal history category substantially underrepresenting the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes.

Respectfully submitted,

*Sharen Allman for*

Shannon W. McGuire
U.S. Probation Officer

SWM:smc
Approved: *Sharen Allman*, Supervisor

FROM: Low CMC
TO: 25289034
SUBJECT: RE:***Inmate to Staff Message***
DATE: 12/08/2022 02:17:02 PM

BOP do not control your sentence or how much time you receive. You need to file with the courts.

*[signature]*

From: ~^! MONTANO, ~^!FABIO <25289034@inmatemessage.com>
Sent: Monday, November 21, 2022 6:45 PM
To: FOR-InmateToCMC (BOP) >
Subject: ***Request to Staff*** MONTANO, FABIO, Reg# 25289034, FOR-M-B

To: RIS Coordinator
Inmate Work Assignment: Unassigned

I exercise my right to request relief under 18 USC 3582(c)(1)(A)(i) as I have extraordinary and compelling reasons to bring this forth. I am serving a sentence to which I was given, wrongly, a 2 point enhancement for the possession of a weapon based on INFORMATION that was in another persons testimony during a trial that was NOT MY CASE. This provided for an more enhanced guideline range and heightened sentence exposure to which provided for a longer sentence. Although being advised of an upward departure by the government, this does NOT include using testimony in a legal matter being tried separately from my own trial and therefore has caused an illegal sentence to be served to which I am in your custody at this time.

The use of testimony as a result of a trial that was unrelated to my trial, as in was being tried in completely separate judicial proceedings, cannot be used to enhance or upward depart a sentence of incarceration to the detriment of my person and in conflict with the US Constitution. This ending result has caused the FBOP to be misled by the judicial branch of the government, namely US District Court for the Western District of Missouri, Western Division, therefore wrongly subjecting the FBOP to a possibility of being held for injuries to my liberty as a result of the court action.

I request that, under 3582 standards, that this facility take this to their legal team and have them to henceforth place a motion on my behalf for relief under 3582 that would facilitate a reduction to my sentence and would hasten my return to society and to my family.

Thank you for your assistance and your time and due consideration of this matter is imperative as this time.

Fabio Montano
25289-034
FCC Forrest City
PO Box 9000 (Low)
Forrest City, AR 72336-9000

RECEIVED
2023 APR -3 AM 8:33
CLERK U.S. DIST. COURT
WEST DIST OF MO
KANSAS CITY, MO

CLERK'S OF THE COURT
400 EAST 9TH. MO STREET
FIFTH FLOOR
KANSAS CITY, MO 64106

64106-260799