IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No. 98-00311-06-CR-W-GAF |
| FABIO MONTANO, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO
DEFENDANT'S PRO SE MOTION FOR COMPASSIONATE RELEASE**

The United States of America, through undersigned attorneys, respectfully requests that this Court deny Fabio Montano's request for compassionate release under 18 U.S.C. § 3582(c)(1) and dismiss his pending motion without prejudice as an unauthorized second or successive § 2255 motion. (D.E. 1334.) The Government provides the following suggestions in opposition to the motion:

**I. Summary**

Montano has filed a motion seeking compassionate release, contending that a Sentencing Guidelines enhancement for possession of a weapon, based on the testimony of a codefendant, was applied in violation of the confrontation clause and was unconstitutional, rendering the resulting sentence unconstitutional. Montano contends that the evidence in support of the enhancement was introduced in the trial of a codefendant and Montano was unable to confront the witness.

Claims attacking the legality or constitutionality of a sentence may only be raised under 28 U.S.C. § 2255. Under Eighth Circuit law, a petitioner may not avoid the procedural bars to filing a second or successive § 2255 motion by raising the legal claim through another procedure,

such as through a motion for compassionate release under § 3582(c)(1)(i). This Court should deny Montano's request for compassionate release on this ground.

Further, as a § 2255 claim, this Court is precluded from considering the allegation because Montano has already filed an initial motion under § 2255 and Montano does not have certification from the Eighth Circuit to file a second or successive motion. This Court should therefore dismiss Montano's legal claim without prejudice.

## II. Argument and Authorities

### A. Procedural History

In the late 1990s, Montano was a member of a drug conspiracy that distributed large quantities of cocaine in the Kansas City area. On 2018, a superseding indictment charged Montano with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. (D.E. 890.) On May 27, 2005, a jury convicted Montano of the sole count of the indictment.

A presentence investigation report (PSR) was prepared. (D.E. 1270.) As part of the Sentencing Guidelines calculation, the PSR recommended that the district court apply a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) because Montano possessed a weapon during the drug trafficking offense. (PSR Adden. Dec. 1, 2005.) The PSR noted that the information about Montano's possession of a firearm was presented in the trial of co-defendant Edwin R. Hinestroza. (PSR Adden. Dec. 1, 2005.) This Court ultimately applied the enhancement and sentenced Montano to 405 months' imprisonment.

Montano appealed, contending that this Court erred in permitting evidence of a murder to be introduced at trial and that the evidence was insufficient, and the Eighth Circuit affirmed. *United States v. Montano*, 506 F.3d 1128, 1132-22 (8th Cir. 2007).

Montano next filed an initial motion under § 2255, alleging multiple grounds of error, which this Court denied. *Montano v. United States*, No. 08-00293-CV-W-GAF-P (W.D. Mo), *certificate of appealability denied*, No. 08-2782 (8th Cir. 2008).

Montano then filed a motion seeking certification to file a second or successive motion in the Eighth Circuit. Montano contended that the Supreme Court ruling in *Alleyne v. United States*, 570 U.S. 99 (2013), should be applied retroactively as new rule of constitutional law, and permit a second or successive § 2255 motion. The Eighth Circuit denied the request. *Montano v. United States*, No. 13-2959 (8th Cir. 2014).

Montano is currently incarcerated at the federal correctional institution in Forrest City, Arkansas, with a projected release date of August 15, 2027. Montano has now filed a motion seeking compassionate release under § 3582(c)(1).

### B.     *Compassionate Release Generally*

Under 18 U.S.C. § 3582(c) a court may not modify a term of imprisonment once it has been imposed except that, under subsection § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling reasons," if such reduction is consistent with applicable policy statements of the Sentencing Commission, after considering the factors set forth in 18 U.S.C. § 3553(a), and after determining the defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). (U.S.S.G. § 1B1.13(2).)

The pertinent policy statement, U.S.S.G. § 1B1.13, defines specific medical, age, and family circumstances as possibly justifying a sentencing reduction under this statute, and further authorizes a sentencing reduction based on an extraordinary and compelling circumstance identified by the BOP. (§ 1B1.13 Commentary n.1(D).)

A district court grant a compassionate release reduction "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Eighth Circuit has held that this exhaustion requirement is a mandatory claim processing rule which requires dismissal when prisoners fail to abide by the statute. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

C. *Montano's Legal Compassionate Release Claim Should Be Dismissed*

Montano contends that this Court's calculation of the Sentencing Guidelines was unconstitutional. Specifically, Montano contends that this Court erred in applying an enhancement for possession of a weapon. Montano contends that the evidence supporting the enhancement was presented in the trial a codefendant and Montano did not have opportunity to cross-examine the source of the evidence, and therefore the application of the enhancement violates the confrontation clause.

Montano's claim attacks the constitutionality of his sentence. The proper method to raise claims of an unconstitutional or illegal sentence is through a motion pursuant to § 2255, or through 28 U.S.C. § 2241 if § 2255 relief is not available. 28 U.S.C. § 2255(a) and (e). As the Seventh Circuit has held, it is the substance, not the name, of the petition that is controlling.

> Any motion filed in the district court that imposed the sentence, and substantively within the scope of [28 U.S.C. § 2255(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005); *see also Rey v. United States*, 786 F.3d 1089, 1091 (8th Cir. 2015) (citing *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) ("[a] post-conviction filing that fits the description of § 2255 . . . is a motion under § 2255, and subject to its restrictions, no matter what the pleader says")).

The Eighth Circuit has held that a petitioner may not circumvent the procedural requirements of 28 U.S.C. § 2255 by filing successive § 2255 actions using other purported mechanisms. *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (denying attempted to raise a successive claim in a motion purportedly under Fed. R. Crim. P. 12(b) and collecting cases).

The Eighth Circuit has more recently specifically held that prisoners may not circumvent these requirements by framing the claim as a request for compassionate release. *United States v. Fine*, 982 F.3d 1117, 1118-19 (8th Cir. 2020) (denying motion attacking the career offender provision disguised as a request for compassionate release as "an unauthorized successive motion to vacate, set aside, or correct a sentence"). The Eighth Circuit's position is consistent with other circuits that have considered this issue. *See United States v. Amato*, 48 F.4th 61, 63 (2d Cir. 2022); *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022); *United States v. Hunter*, 12 F.4th 555, 562, 566-68 (6th Cir. 2021); *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021); *United States v. Wesley*, 60 F.4th 1277, 1288-89 (10th Cir. 2023); *United States v. Jenkins*, 50 F.4th 1185, 1200-06 (D.C. Cir. 2022).

Montano's claim for compassionate release should be denied.

Montano's legal claim is substantively a successive § 2255 motion. This is also not Montano's first § 2255 motion. As noted, Montano previously litigated a timely initial § 2255 motion, which was denied on the merit, and unsuccessfully sought certification to file a second or successive § 2255 motion.

Under 28 U.S.C. § 2255(h), a second or successive § 2255 motion must be certified by an appropriate panel of the court of appeals, in this case the Eighth Circuit, to contain either: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by a clear and convincing evidence that no reasonable fact-finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. When a movant has not sought nor received certification from the Eighth Circuit, the Court should dismiss the motion for lack of jurisdiction. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (noting dismissal of § 2255 for failure to seek certification from court of appeals).

Montano has not sought or received certification from the Eighth Circuit to file his legal claim in a successive § 2255 motion and therefore this Court should dismiss the legal claim with prejudice.

Montano also cannot meet the requirements of § 2255(h).

First, Montano's legal claim is not based on any newly discovered evidence or new rule of constitutional law, as required by § 2255(h)(1) and (2) Montano's claim that the Sentencing Guidelines enhancement was unconstitutional is based on facts known immediately following the sentence hearing. Montano could have attempted to raise that claim in his initial § 2255. That claim is also untimely. *See Dodd v. United States*, 545 U.S. 353, 359 (2005) (one-year deadline under § 2255(f)(3) applies to both initial and successive motions).

Second, the claim that the Sentencing Guidelines were miscalculated is also not a cognizable claim under § 2255. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (*en banc*) ("ordinary questions of guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim.") (quoting *Auman v. United States*, 67 F.3d

6

157, 161 (8th Cir. 1995) (other citations omitted)). Under *Sun Bear*, only unlawful or illegal sentences—sentences imposed without or in excess of statutory authority—may be challenged in a § 2255 motion. *Sun Bear*, 644 F.3d at 705. Montano's sentence was within the statutory range of punishment for the offense, and therefore his sentence is not unconstitutional or illegal.

Finally, the substance of Montano's legal claim is legally erroneous. The Eighth Circuit Court of Appeals has repeatedly held—before and after *Crawford [v. Washington*, 541 U.S. 36 (2004)]—that the Confrontation Clause does not apply at sentencing." *United States v. Bentley*, 492 F. Supp. 2d 1050, 1055 (N.D. Iowa 2007), *aff'd*, 561 F.3d 803 (8th Cir. 2009), *cert. denied*, 558 U.S. 865 (2009) (collecting cases).

### III. Conclusion

Montano's claim is substantively an unauthorized second or successive § 2255 motion, and this Court should deny Montano's request for compassionate release on this ground and dismiss his motion without prejudice.

         Teresa A. Moore
         United States Attorney

     By: */s/ Gregg R. Coonrod*

         Gregg R. Coonrod
         Assistant United States Attorney

         Charles Evans Whittaker Courthouse
         400 East 9th Street, Suite 5510
         Kansas City, Missouri 64106
         Telephone: (816) 426-3122

         *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that a copy of the foregoing was delivered on April 6, 2023, to the CM-ECF system of the U.S. District Court for the Western District of Missouri for electronic delivery to all counsel of record, and mailed to:

    Fabio Montano, *Pro Se*
    Reg. No. 25289-034
    FCI Forrest City Low
    PO Box 9000
    Forrest City, AR 72336

        */s/ Gregg R. Coonrod*
        Gregg R. Coonrod
        Assistant United States Attorney