**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

                        Plaintiff,

        v.                              Case No.  98-00311-09-CR-WGAF

FABIO MONTANO,

                        Defendant.

**GOVERNMENT'S SUGGESTIONS IN OPPOSITION**
**TO DEFENDANT MONTANO'S MOTION TO REDUCE SENTENCE**

Defendant Fabio Montano moves this Court (Doc. 1339) to reduce his sentence under 18 U.S.C. § 3582(c)(2) and Parts A (the "status-point" provision) and B (the "zero-point" provision) of Amendment 821 to the Sentencing Guidelines. This Court should deny his motion because neither Part A nor Part B of Amendment 821 applies to him. He is therefore ineligible for a reduction under Section 3582(c)(2).

Following a jury trial, defendant was convicted of conspiring to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) & 846. (Doc. 1265 at 1.) This Court calculated a total offense level of 40, a total criminal history score of 2 and history category of II, and an advisory guidelines range of 324 to 405 months. (SOR; *see* PSR ¶ 67.) The Court imposed a sentence of 405 months' imprisonment. (Doc. 1265 at 2.) The court of appeals affirmed. *United States v. Montano*, 506 F.3d 1128 (8th Cir. 2007).

Defendant subsequently moved for a reduction in sentence under Section 3582(c)(2) and Amendment 782 (the "Drugs Minus Two" provision) to the Sentencing Guidelines. (Doc. 1327, 1329.) This Court calculated a new total offense level of 38 and advisory guidelines range of 262 to 327 months. (*See* 782 SOR.) The Court imposed a new sentence of 327 months. (Doc. 1330.)

In general, a federal court "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Section 3582(c)(2) provides an exception: a court may modify an otherwise final term of imprisonment when a defendant was originally sentenced under a guidelines range that the Sentencing Commission has subsequently lowered and the reduction is consistent with the applicable policy statement, U.S.S.G. § 1B1.10. *Dillon*, 560 U.S. at 819-22. The court must recalculate the guidelines range as if the amended guideline had been in effect at the initial sentencing, leaving all other guidelines calculations unchanged. U.S.S.G. § 1B1.10(b)(1). If the amendment does not apply to the defendant or the guidelines range does not change, the court may not reduce the defendant's sentence. *See id.* § 1B1.10(a)(2). Notwithstanding *United States v. Booker*, 543 U.S. 220 (2005), these guidelines provisions remain mandatory. *See Dillon*, 560 U.S. at 829-30.

At the time of defendant's sentencing, Section 4A1.1(d) provided that a defendant who committed the instant offense while under a criminal justice sentence should receive two additional criminal history points. *See* U.S.S.G. § 4A1.1(d) (2005). In 2023, the Sentencing Commission redesignated Section 4A1.1(d) as Section 4A1.1(e) and amended it to provide that a defendant who otherwise received 7 or more criminal history points and committed the instant offense while under a criminal justice sentence should receive just one additional criminal history point. *See* Amendment 821, United States Sentencing Guidelines. The Commission also added a new Section 4C1.1 to the Sentencing Guidelines: the new section provides for a two-level downward adjustment in a defendant's offense level if the defendant received zero criminal history points and met other criteria. *See ibid.* These amendments became effective for newly sentenced defendants

on November 1, 2023, and became retroactive for previously sentenced defendants on February 1, 2024.

Defendant is not eligible for relief under either provision of Amendment 821. He is not eligible for relief under the zero-point provision because he received criminal history points at sentencing. (*See* PSR ¶ 67.) He is not eligible under the status-point provision because he did not receive status points under Section 4A1.1(d). Defendant is, accordingly, ineligible for a reduction in sentence. U.S.S.G. § 1B1.10(a)(2)(A).

For these reasons, this Court should deny defendant's motion to reduce his sentence.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By      */s/ Kathleen D. Mahoney*

Kathleen D. Mahoney
Assistant United States Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on February 9, 2024, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record and mailed to defendant at:

Fabio Montano #25289-034
FCI Forrest City Low
PO Box 9000
Forrest City, AR 72336

/s/ *Kathleen D. Mahoney*
Kathleen D. Mahoney
Assistant United States Attorney